STOKES & LEONARD *vs.* ERASTUS MASON.

Under the provisions of the National Bankrupt Act, a claimant may present to the assignee of the bankrupt a claim arising from a debt created by fraud, and receive his dividend, but cannot prosecute it until the question of discharge is determined, but thereafter, whether the bankrupt is discharged or not, it remains a valid claim against him, recoverable by any proper form of suit.

The word *debt,* as used in the act, held to be synonymous with *claim,* and to embrace claims arising from debts created by fraud.

Plaintiffs brought trover against defendant for converting to his own use certain goods and chattels belonging to the plaintiffs. Defendant pleaded˝ that he had obtained a discharge in bankruptcy, and that plaintiffs' said claim was provable and proved under the proceedings in bankruptcy, and that they had received a dividend thereon. Plaintiffs replied *precludi non,* because the claim for recovery of which said action was brought was created by the fraud and embezzlement of the defendant. *Held,* a good replication, and that defendant's demurrer to it must be overruled.

TROVER. The case was heard on the special demurrer of the defendant to the plaintiffs' replication to the defendant's plea, *puis darrein.* The pleadings are stated in the opinion of the 'court.

*S. A. Cooke, Jr.,* for the defendant, in support of the demurrer, cited § 34 of the National Bankrupt Act.

*B. N. & S. S. Lapham,* for the plaintiff, *contra,* cited Bump's Law and Practice of Bankruptcy, 308, 391, 330, note *a; Commonwealth* v. *Keeper of Jail of Philadelphia,* 4 S. & R. 506 ; *In*

*re Ward E. Robinson*, 2 Bankrupt Register, 108 ; *In re Charles* G. *Patterson*, 1 Bankrupt Register, 58 ; *In re James B. Devoe*, 2 Bankrupt Register, 11.

POTTER, J.   This is an action of trover "·for that the defendant had unlawfully converted to his own use certain goods and chattels belonging to the plaintiffs," &c., &c.

Plea not guilty.   Subsequently defendant became bankrupt, and obtained a discharge under the United States Bankrupt Act, and pleaded his discharge as a plea *puis darrein continuance*, and that the plaintiffs' said claim was provable and was proved under the proceedings in bankruptcy, and the plaintiffs received a dividend thereon.

The plaintiffs replied that they ought not to be precluded, &c., because the debt, claim, and demand, for the recovery of which said action was brought, was created by the fraud and embezzlement of the defendant.   And to this the defendant demurred, 1st, because the replication neither traverses the plea nor confesses and avoids ; and 2dly, because it is a departure, because the declaration sets out a cause of action which would be discharged under the act, and the replication alleges that the cause of action is one which is not discharged by the act.

The defendant also filed a motion to dismiss the suit, because the claim had been proved under the bankrupt act, and by § 21 the plaintiffs had thereby waived all other right of action, and surrendered and discharged all proceedings commenced thereon.

The defendant argues that the discharge covers all claims, &c., excepting a " *debt* created by fraud or embezzlement," &c., and that the present claim was not a debt, and that if it was a debt, an action of the case for trover would not lie for it.

The difficulty in the present case seems to arise very much from the ambiguity of the word debt as used in the bankrupt act.   The plaintiffs contend that the word is there used in a sense somewhat peculiar, and that it is used in the same sense in their replication.

By § 19 all debts due, and all debts existing but not yet payable, are provable against the estate.   Provision is also made for suretyship, &c., contingent debts, and liabilities of various sorts. " All demands against the bankrupt for or on account of any goods or chattels wrongfully taken, converted, or withheld by

him, may be proved and allowed *as debts.*" And the court may cause the damages to be assessed. "*No debts* other than *those above specified* shall be proved or allowed against the estate." Yet by § 33, debts arising from fraud, embezzlement, or breach of trust, may be proved, and are entitled to a dividend.

By § 21, no creditor proving his debt or claim can maintain any suit therefor, but is deemed to have waived all right of action, and all proceedings already commenced and judgments obtained are discharged thereby; and no creditor whose debt is provable shall prosecute a suit therefor to judgment, until the question of discharge is determined. By § 33, no debt created by fraud or embezzlement, or by defalcation as a public officer, or while acting in a fiduciary capacity, shall be discharged under the act. But it may be proved, and the dividend received on account. By § 34, the discharge releases the bankrupt from all " debts, claims, liabilities, and demands " which were or might have been proved, with the exceptions aforesaid. By § 31, the form of the discharge specifies all " debts and claims " provable under the act, except, &c.

It will be seen that by § 21 a creditor who *proves* his *debt or claim* thereby waives it, and is deemed to have surrendered it, and cannot sue, and from this there is no exception made of a claim arising from fraud; while no creditor whose debt although not proved is provable can prosecute his claim to judgment until the question of discharge is decided, seeming to imply in the latter case that if the suit be for a debt arising from fraud, it may then go on, as the discharge would not affect it.

It is not necessary at present to consider the question of whether a debt proved, using the word in the ordinary sense, could be prosecuted against the bankrupt if his discharge should be refused. But that this cannot be the meaning as to a debt arising from fraud, seems evident from §§ 33 and 34. If, by proving such a debt, the creditor waives and surrenders all claims except under the bankrupt law, then why provide that a discharge should not affect it? And construing the sections together, it seems the intention that the claimant may present a claim arising from fraud and receive his dividend, but shall not prosecute it until the question of discharge is determined; but that thereafter, whether the petitioner is discharged or not, it

shall remain a valid claim against him, recoverable in any proper form of suit.

This was the view taken by Nelson, U. S. Circuit Judge, in the case entitled *In the matter of Robinson*, 6 Blatch. 253. And see also *In the matter of Patterson*, 2 Benedict, 155.

The word *debt*, as used in the act, seems to be used as synonymous with claim. In § 19 it seems to include claims for goods or chattels wrongfully taken ; and in § 33 it is used for claims arising from fraud, &c. Now, according to our practice, it was enough for the plaintiff to allege in his declaration that his suit was for goods wrongfully converted. It was not necessary for him to allege fraud. He might, however, prove fraud upon the trial. The plaintiffs' replication, therefore, is equivalent to saying that although you have a discharge, my claim is a debt arising from fraud within the meaning of the term *debt* as used in the bankrupt law, and therefore your discharge does not include it, and does not bar my suit.                *Demurrer overruled.*